UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

|  |  |  |
|---|---|---|
| ALIN MUSE,<br><br>                          Plaintiff,<br><br>     v.<br><br>HUNTLEIGH USA CORPORATION,<br><br>                          Defendant. | ) ) ) ) ) ) ) ) ) ) | No. C16-0357RSL<br><br>ORDER GRANTING IN PART<br>MOTION FOR LEAVE TO<br>AMEND COMPLAINT |

This matter comes before the Court on "Plaintiff's Motion for Leave to File an Amended Class Action Complaint." Dkt. # 27. Plaintiff was employed by defendant Huntleigh USA Corporation in the City of SeaTac, Washington, and has asserted wage claims on behalf of himself and other similarly-situated employees. Plaintiff seeks to amend his complaint to add claims against six individuals who he alleges were "officers, vice principals, and/or agents of Defendant Huntleigh" for purposes of the Washington Wage Rebate Act, RCW Ch. 49.52. Proposed Amended Complaint (Dkt. # 28) at ¶ 44.

Courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). There is a "strong policy in favor of allowing amendment" (Kaplan v. Rose, 49 F.3d 1363, 1370 (9th Cir. 1994)), and "[c]ourts may decline to grant leave to amend only if there is strong evidence of undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing

ORDER GRANTING IN PART MOTION
FOR LEAVE TO AMEND COMPLAINT

1   party by virtue of allowance of the amendment, or futility of amendment, etc." Sonoma County

2   Ass'n of Retired Employees v. Sonoma County, 708 F.3d 1109, 1117 (9th Cir. 2013) (internal

3   quotation marks and alterations omitted). Huntleigh does not oppose the addition of Richard

4   Sporn, Diane Galford, or Dennis Fox to this litigation,[1] but argues that the proposed claims

5   against David Sass, John Holtz, and Amit Meir would be futile.

6          If a proposed amendment would be immediately subject to dismissal when challenged

7   under Rule 12(b)(6), there is no reason to put defendants through the unnecessary expense and

8   delay of responding to the amendment. Nordyke v. King, 644 F.3d 776, 787 n.12 (9th Cir. 2011).

9   Under Washington law, "[a]ny . . . officer, vice principal or agent of any employer . . . who . . .

10  [w]ilfully and with intent to deprive the employee of any part of his or her wages" pays less than

11  what is owed "shall be liable in a civil action by the aggrieved employee . . . for twice the

12  amount of the wages unlawfully . . . withheld . . . together with costs of suit and a reasonable

13  sum for attorney's fees . . . ." RCW 49.52.050 and RCW 49.52.070. The legislature imposed

14  personal liability on the officers of an employer

15          because the officers control the financial decisions of the corporation. . . . The
         officers decide whether to pay one debt over another (i.e., wages). The officers
16       have the choice to file bankruptcy or, say, close the business and pay its debts
         (including wages). The officers decide whether to continue running an
17       inadequately capitalized corporation while hoping for a change in financial
         position. In other words, the officers control the choices over how the
18       corporation's money is used, and (in cases of unpaid wage claims) RCW
         49.52.070 imposes personal liability when the officers choose not to pay wages
19       owed.
20

21  Morgan v. Kingen, 166 Wn.2d 526, 536-37 (2009).

22         Personal liability for an employee's wages under the WRA requires a finding that the

23  defendant is an "officer, vice principal or agent" of the employer and that the wages were

24

25  _____

26  [1] Amendment to add these individuals as defendants will therefore be granted.

ORDER GRANTING IN PART MOTION
FOR LEAVE TO AMEND COMPLAINT                    -2-

1   wilfully withheld. Ellerman v. Centerpoint Prepress, Inc., 143 Wn.2d 514, 521 (2001). Plaintiff

2   has alleged only that Sass, Holtz, and Meir are officers, vice principals, and/or agents of

3   Huntleigh: he then equates their positions with personal liability under the WRA. Plaintiff has

4   done no more than identify notable corporate persons from Huntleigh's website (Dkt. # 34 at 2

5   n.2) and declare that they are personally liable. There are no facts offered in support of this legal

6   conclusion, nor is there any indication that plaintiff possesses facts or information suggesting

7   that Sass, Holtz, and/or Meir supervised, controlled, or participated in the decision to deprive

8   plaintiff (or fellow class members) of part of their wages. Ellerman, 142 Wn.2d at 521-22. At the

9   pleading stage, plaintiff must allege facts – not legal conclusions – that give rise to a plausible

10  inference that the proposed defendants could be held liable. Bell Atl. Corp. v. Twombly, 550

11  U.S. 544, 570 (2007). Simply identifying someone as a corporate officer is not enough.

12  Participation in the initial failure to pay or a wilful and intentional choice not to pay the wages

13  owed when defendant learned of the underpayment is necessary in order to establish personal

14  liability under the MWA. Morgan, 166 Wn.2d at 537; Jumamil v. Lakeside Casino, LLC, 179

15  Wn. App. 665, 685 (2014). Plaintiff's allegations as to Sass, Holtz, and Meir are insufficient, and

16  do not "unlock the doors of discovery . . . ." Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009).

18  For all of the foregoing reasons, plaintiff's motion to amend the complaint is GRANTED

19  in part. Plaintiff may, within fourteen days of the date of this Order, file an amended complaint

20  adding claims against Sporn, Galford, and Fox.

22  Dated this 3rd day of March, 2017.

Robert S. Lasnik
United States District Judge

ORDER GRANTING IN PART MOTION
FOR LEAVE TO AMEND COMPLAINT          -3-